Cite as 2021 Ark. 149

# SUPREME COURT OF ARKANSAS

No. CV-20-725

| | |
|---|---|
| CORELANIUS PHILLIPS<br><br>APPELLANT<br><br>V.<br><br>AUNDREA CULCLAGER, WARDEN, CUMMINS UNIT<br><br>APPELLEE | **Opinion Delivered:** June 17, 2021<br><br>PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT<br>[NO. 40CV-20-108]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Corelanius Phillips appeals the dismissal of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016) in the Lincoln County Circuit Court, which is located in the county where he is incarcerated. Phillips contended in his habeas petition that his judgment of conviction is void because he was deprived of a twelve-member jury. The circuit court dismissed his claim for habeas relief, finding that Phillips's allegations should have been raised at trial or in a timely petition under Rule 37.1 of the Arkansas Rules of Criminal Procedure (1992). Because Phillips failed to raise a claim for issuance of the writ, we affirm.

## I. *Background*

In 1992, Phillips was found guilty of capital murder and sentenced to a term of life imprisonment without parole. We affirmed. *Phillips v. State*, 314 Ark. 531, 863 S.W.2d 309 (1993). We noted that the death penalty was waived at the beginning of the trial. *Id.*

Phillips subsequently filed a petition to reinvest jurisdiction in the trial court to consider a petition for error coram nobis. In his coram nobis petition, Phillips argued that he was entitled to relief on the ground that he was convicted by an eleven-member jury. This court noted that Phillips admitted that the trial court asked his attorney in open court if continuing with an eleven-person jury after one juror became incapacitated was acceptable, and counsel agreed to continue the trial. Because Phillips was aware of the absence of one juror, we found that his allegation did not raise an issue extrinsic to the record and denied his petition for coram nobis relief. *Phillips v. State*, CR 93-642, 2000 Ark. LEXIS 489 (Ark. Oct. 18, 2000) (unpublished per curiam).

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Finney v. Kelley*, 2020 Ark. 145, 598 S.W.3d 26. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Id*. When the circuit court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Id*.

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the circuit court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause to believe that he is illegally detained. *Id*. (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)). Proceedings for the writ do not require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the

2

judgment is limited to the face of the commitment order. *Id.* Unless the petitioner can show that the circuit court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.* In habeas proceedings, an illegal sentence is one that exceeds the statutory maximum sentence. *See Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283.

### III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### IV. *Claims for Relief*

Phillips contended in his petition filed in the circuit court and in his argument on appeal that his conviction was void because he was tried by an eleven-member jury in violation of article 2, section 7 of the Arkansas Constitution, Arkansas Code Annotated section 16–32–202 (1987), and Rules 31.1 through 31.4 of the Arkansas Rules of Criminal Procedure.[1] *See Byrd v. State*, 317 Ark. 609, 879 S.W.2d 435 (1994) (holding that article 2, section 7 established an inviolate right to trial by jury in this state, which includes a trial by

---

[1]Rule 31.2 provides that a defendant may waive his right to a jury either personally in writing or in open court, or through counsel if the waiver is made in open court. Rule 31.4 is applicable to capital cases and provides that no defendant charged with a capital felony—such as Phillips—may waive the right to a jury unless the court determines that the waiver is voluntarily and freely proffered without coercion, the prosecutor has waived the death penalty, and the prosecutor has assented to the waiver.

a twelve-member jury; that Arkansas Code Annotated section 16-32-202, amended in 1994 to allow a trial court to reduce the number of jurors without consent of the parties, was unconstitutional; and that section 16-32-202, codified in 1987, was constitutional and remained in effect).

We have held that when a defendant is convicted by an eleven-member jury without a waiver in writing or in open court, the judgment of conviction is void and is subject to collateral attack in a postconviction proceeding filed pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. *Collins v. State*, 324 Ark. 322, 920 S.W.2d 846 (1996). Because the defendant in *Collins* did not waive his right to trial by a twelve-member jury personally in writing or in open court, it was found that no waiver in the manner prescribed by law occurred.[2] *Id*. However, we made clear that a postconviction collateral attack on the composition of the jury is limited to cases that comply with the time requirements of Rule 37.2. *Id*. In accordance with the holding in *Collins*, we have consistently granted Rule 37.1 relief and found a judgment void when there is an absence of due process. *See Neal v. State*, 2016 Ark. 287, 497 S.W.3d 666; *Tornavacca v. State*, 2012 Ark. 224, 408 S.W.3d 727.

The claim raised by Phillips in his petition and on appeal constitutes a due-process claim that, while cognizable in a Rule 37.1 proceeding, is not cognizable in a habeas proceeding and should have been raised on direct appeal or in a petition for postconviction relief filed within the time limitations set forth in Rule 37.2(c).

---

[2]Here, the transcript attached to Phillips's petition demonstrates that his counsel assented to the eleven-member jury in open court, and the prosecutor did not voice an objection. Furthermore, the death penalty was waived before Phillips's trial. *Phillips v. State*, 314 Ark. 531, 863 S.W.2d 309.

In habeas proceedings, assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the trial court's jurisdiction because the writ will not issue to correct errors or irregularities that occurred at trial. *Jackson v. Kelley*, 2020 Ark. 255, 602 S.W.3d 743. Phillips did not allege or demonstrate that the trial court lacked jurisdiction or that his life sentence was facially illegal. Moreover, a habeas proceeding does not afford a prisoner an opportunity to retry his case, and it is not a substitute for direct appeal or postconviction relief. *Id.* The circuit court did not clearly err when it dismissed Phillips's petition for a writ of habeas corpus as constituting an untimely petition for Rule 37.1 relief.

Affirmed.

WEBB, J., concurs.

**BARBARA W. WEBB, Justice, concurring**. I agree that Corelanius Phillips is not entitled to habeas relief. I write separately because my rationale for this decision is different from the majority's.

In pertinent part, under Arkansas Code Annotated section 16-112-103 (Repl. 2016), a "writ of habeas corpus shall be granted forthwith . . . to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority." Mr. Phillips made a proper application, alleging that his "inviolate" right to be tried by twelve jurors, as guaranteed by article 2 section 7 of the Arkansas Constitution, had been violated, which rendered his conviction void.

Mr. Phillips, however, was not entitled to habeas relief because the trial record shows that his trial counsel, in open court and in the presence of Mr. Phillips, waived Mr. Phillips's

right to be tried by twelve jurors. Article 2, section 7 specifically allows for such a waiver "in the manner prescribed by law." Under Arkansas Rule of Criminal Procedure 31.2, to be valid, waiver by counsel need only be made in open court, in the presence of the criminal defendant. *Bolt v. State*, 314 Ark. 387, 862 S.W.2d 841 (1993). Accordingly, the circuit court did not clearly err in denying Mr. Phillips habeas relief.

I concur.

*Corelanius T. Phillips*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.